

THE CITY OF NEW YORK

**LAW DEPARTMENT**

100 CHURCH STREET
NEW YORK, NY 10007

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

**PHILIP S. FRANK**
phone: (212) 356-0886
email: pfrank@law.nyc.gov

June 16, 2022

**BY ECF**
Honorable Ronnie Abrams
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

Re: *Stevenson v. Carter, et al.*, 21-cv-9041 (RA)

Your Honor:

  I am the Assistant Corporation Counsel in the Office of the Corporation Counsel of the City of New York assigned to the defense of the above-referenced matter on behalf of Defendants Carter, Guerra, and Horton. Plaintiff, who was released from jail on March 2, 2022, alleges a violation of his constitutional rights based on the conditions of his confinement at the Vernon C. Bain Center ("VCBC").

  I write pursuant to the Court's Order dated April 26, 2022 (Dkt. No. 14), to provide the Court with a status update regarding Plaintiff's last known address in the possession of the New York City Department of Correction ("DOC"), in light Plaintiff's failure to provide the Court or this Office with his current address. I also write to respectfully request an extension of time, *nunc pro tunc*, to send Plaintiff at his last known address two of the Court's recent Orders and to advise the Court whether service could not be effectuated. I apologize to the Court for the lateness of this request. Finally, Defendants respectfully request a 45-day extension of time, from June 16, 2022 until August 1, 2022, to serve and file their anticipated motion to dismiss the Complaint. This is the third request for an extension of time to respond to the Complaint and the first request for an extension of time to attempt to effect service at Plaintiff's last known address. Because Plaintiff has failed to provide his current contact information, the instant request is made directly to the Court.

  By way of background, by Order dated April 26, 2022 (Dkt. No. 14), the Court advised that its April 8, 2022 Order, which was mailed to Plaintiff at the address on file, was returned to sender. The Court further stated that "[o]n his initial complaint form, Plaintiff was warned that 'failure to keep a current address on file with the Clerk's Office may result in the dismissal of [his] case.' Dkt. 3 at 7." The Court ordered that "[i]n light of Plaintiff's *pro se*

status, however, counsel for Defendants is directed to obtain Plaintiff's contact information from the New York City Department of Correction and mail a copy of this order and the Court's April 8, 2022 order to Plaintiff." Finally, the Court directed that "[i]n the event that service cannot be effectuated, Defendants shall inform the Court by filing a letter via ECF on or before May 27, 2022."

Following the Court's April 26, 2022, the DOC promptly provided me with Plaintiff's last known address. Due to a clerical oversight on my part, however, I did not send the Court's Orders of April 8, 2022 and April 26, 2022 to Plaintiff's last known address or calendar the May 27, 2022 deadline to advise the Court in the event that service could not be effectuated. I apologize to the Court for my oversight. Today, I sent Plaintiff the Court's Orders at his last known address with a cover letter requesting that Plaintiff immediately contact me to confirm his new address. The requested extension of time will enable me to advise the Court whether service of the Court's Orders has been effectuated on Plaintiff. Accordingly, Defendants respectfully request that the Court grant an extension of time until July 18, 2022, to advise the Court if service could not be effectuated at Plaintiff's last known address.

The reason for the requested enlargement to serve and file Defendants' anticipated motion to dismiss the Complaint is that I was recently out sick for an extended period of time as my entire immediate family and I contracted COVID-19, with one family member subsequently developing serious complications as a result of the virus. The requested extension will also enable me to confirm whether service can be effectuated at Plaintiff's last known address prior to serving the motion papers. In the alternative, should Plaintiff fail to respond to Defendants' correspondence or to provide the Court with a current address, the enlargement of time will allow Defendants to request by letter motion that the Court dismiss the case for Plaintiff's failure to prosecute, prior to Defendants' expending the resources on formal motion practice by motion to dismiss.

Accordingly, Defendants respectfully request that the Court grant an extension of time (1) until July 18, 2022, to advise the Court if service could not be effectuated at Plaintiff's last known address; and (2) until August 1, 2022, to serve and file their anticipated motion to dismiss the Complaint.

I thank the Court for its consideration of this request.

Respectfully submitted,

_____/s/_____
Philip S. Frank
Assistant Corporation Counsel

**By First Class Mail**
William Stevenson
Plaintiff *Pro Se*
219 Hamilton Avenue
Apt. 4F
Staten Island, NY 10305

Application granted.

SO ORDERED.

Hon. Ronnie Abrams
6/17/22

2