UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

WILLIAM STEVENSON,

                Plaintiff,

v.

WARDEN CARTER, N.T.C./D.O.C./V.C.B.C.;
CAPTAIN GUERRA, N.T.C./D.O.C./V.C.B.C.;
CAPTAIN JOHN DOE, N.T.C./D.O.C./V.C.B.C.;
CAPTAIN HORTON, N.T.C./D.O.C./V.C.B.C.,

                Defendants.

21-CV-9041 (RA)

ORDER

---

RONNIE ABRAMS, United States District Judge:

    Plaintiff William Stevenson, who was formerly detained at the Vernon C. Bain Center (VCBC) on Rikers Island, filed this *pro se* complaint alongside 25 other detainees asserting conditions-of-confinement claims and seeking money damages. On November 1, 2021, Judge Swain severed Plaintiff's claims from the multi-prisoner action before her. Dkt. 1. Plaintiff's individual action was then reassigned to this Court. *Id.* On December 27, 2021, a *pro se* information package was mailed to Plaintiff at the address on file, which included all of the Court's prior orders as well as a Notice of Change of Address form. Dkt. 8. And on April 8, 2022, an order extending Defendants' deadline to answer was also mailed to Plaintiff. Dkt. 13.

    On April 26, 2022, the Court learned that Plaintiff had been released from Rikers and that its April 8 order had been returned to sender. Plaintiff did not provide the Court with an updated address upon leaving Rikers. The Court thus warned Plaintiff in a subsequent order that, as stated on his initial complaint form, "failure to keep a current address on file with the Clerk's Office may result in the dismissal of [his] case." Dkt. 14. In light of Plaintiff's *pro se* status,

however, the Court directed Defendants to obtain Plaintiff's updated contact information from the New York City Department of Correction ("DOC") and mail its past orders to him. *Id.*

On July 18, 2022, Defendants notified the Court that Plaintiff had not responded to the letter they sent to his last known address on file with the DOC. Dkt. 19. Defendants now move to dismiss the case for failure to prosecute. As of today's date, Plaintiff has still not provided the Court with a current address, nor has the Court heard from Plaintiff since the filing of his complaint.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a district court may dismiss an action if "the plaintiff fails to prosecute or otherwise comply with [the] rules or a court order." Fed. R. Civ. P. 41(b); *see also Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014). A district court considering a Rule 41(b) dismissal must weigh five factors: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir.1996).

The Court finds that the balance of the factors favors dismissal of this action. Plaintiff has not engaged with the case in any way since the filing of his complaint more than nine months ago. Moreover, he was put on notice multiple times that his case could be dismissed for failure to prosecute should he fail to keep a current address on file with the Clerk of Court. *See* Dkt. 8 ("If your contact information changes, it is your responsibility to notify the court in writing, even if you are incarcerated and transferred to another facility or released from custody . . . Your case could be dismissed if you do not notify the court of an address change."); *see also* Dkts. 3, 14.

And although Defendants have not articulated exactly how they would be prejudiced should the Court decline to dismiss the case, the Court finds that without Plaintiff's participation, it lacks "the means to move this case forward efficiently," *Baptiste*, 768 F.3d at 219.

      Accordingly, because the Court has not received any response from Plaintiff, including any indication that he plans to pursue this action, it is dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b). The Clerk of Court is respectfully directed to close the case.

SO ORDERED.

Dated:    July 22, 2022
           New York, New York

                                                Ronnie Abrams
                                                United States District Judge